ORIGINAL

MITCHELL ZIMMERMAN (CSB No. 88456)
KAREN P. ANDERSON (CSB No. 193618)
TU T. TSAO (CSB No. 209445)
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for MICRO FOCUS INTERNATIONAL LIMITED

**04 MBD 10145**

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: SUBPOENA TO ANGELFIRE.COM C/O LYCOS, INC., <br><br> Pursuant to 17 U.S.C. § 512(h) (the Digital Millennium Copyright Act) | Case No. Miscellaneous <br><br> **DECLARATION OF TU T. TSAO IN SUPPORT OF ISSUANCE OF SUBPOENA SIGNED BY CLERK OF COURT PURSUANT TO 17 U.S.C. § 512(h)** |

I, Tu T. Tsao, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and admitted to practice in the United States District Courts for the Northern, Southern, Central and Eastern Districts of California. I am an associate at the law firm of Fenwick & West, LLP, counsel for Micro Focus International Limited ("Micro Focus"). I make this Declaration of my own knowledge, and if called to do so, I could and would testify competently to the facts set forth herein.

2. Micro Focus is a Cayman Islands corporation, with its principal offices located at 9420 Key West Avenue, Rockville, MD 20850.

3. Pursuant to 17 U.S.C. § 512(h), on behalf of Micro Focus, I request that the Clerk of the United States District Court for the District of Massachusetts issue the Proposed Subpoena to Angelfire.com c/o Lycos, Inc., a true and correct copy of which is attached hereto as Attachment A.

4. On May 13, 2004, in compliance with the notice requirement of 17 U.S.C.

1  § 512(c), Micro Focus notified the agent designated to receive notice of claimed infringement for
2  Lycos, Inc. that an unknown account holder was infringing Micro Focus' rights in Micro Focus'
3  copyrighted software by posting offers to publicly distribute the software on the Internet using
4  Lycos, Inc.'s network access. A copy of the Notice is attached as hereto as Attachment B.

5.  The purpose of the Proposed Subpoena is to obtain documents sufficient to
6  identify the individual or individuals infringing Micro Focus' rights, as further described in
7  Attachments A and B hereto. Any information obtained in response to this Subpoena will be used
8  only for the purpose of protecting Micro Focus' rights in its proprietary materials, including its
9  rights under Title 17 of the United States Code.

10  I declare under penalty of perjury under the laws of the United States that the foregoing is
11  true and correct.

12  Executed in Mountain View, California, on May 13, 2004.

*Ju Tsao*
Tu T. Tsao

22953/00080/DOCS/1434338.1

**ATTACHMENT A**

Issued by the
# UNITED STATES DISTRICT COURT
DISTRICT OF Massachusetts

```
IN RE:  SUBPOENA TO ANGELFIRE.COM
C/O LYCOS, INC.
Pursuant to 17 U.S.C. Section 512(h)
(the Digital Millennium Copyright Act)
              v.
```

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] Miscellaneous

```
TO: Jeremy Abraham
    Lycos, Inc.
    100 Fifth Avenue, Waltham, MA  02451
```

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Documents sufficient to identify the account holder corresponding to the directory "www.angelfire.com/zine2/mfe" (including, but not lmited to, full name, address, telephone numbers, and email addresses).

| PLACE | DATE AND TIME |
|---|---|
| Butler & Witten    Telephone: (800) 477-5445<br>1895 Center Street, Suite 202<br>Boston, MA  02132 | 9:00 a.m.<br>June 16, 2004 |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | May ____, 2004 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Clerk, United States District Court, John Jospeh Moakley, U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210; (617) 748-9152

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                         DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**ATTACHMENT B**

**FENWICK & WEST LLP**

Tu T. Tsao
E-Mail: ttsao@fenwick.com
Direct Dial: 650.335.7696

May 13, 2004

**BY E-MAIL, FACSIMILE, AND
HAND DELIVERY**

Jeremy Abraham
Angelfire.com c/o Lycos, Inc.
100 Fifth Avenue
Waltham, MA 02451

Re:    <u>Notice of Copyright and Trademark Infringement</u>

Dear Mr. Abraham:

I am counsel to Micro Focus International Limited ("Micro Focus"), owner of the Micro Focus Mainframe 2.5 Express software. Pursuant to Section 512 of the Digital Millennium Copyright Act (17 U.S.C. § 512), this letter is to advise you that one of your Angelfire.com account holders is infringing the copyright law rights of Micro Focus, and to ask that Lycos, Inc. expeditiously disable access to the offending Angelfire.com page as required by its copyright policy and that it terminate the corresponding user account.

As required under Section 512, I hereby provide the following information:

1) The copyrighted work that the account holder is infringing consists of Micro Focus' Micro Focus Mainframe 2.5 Express software, over which Micro Focus holds rights under U.S. and international copyright law. Your account holder's actions violate not only the law, but also your own Terms and Conditions, which provides that users shall not "[make] available any software files for which the user does not own the copyright or have the legal right to make available" (available at <info.lycos.com/legal/legal.asp#Conditions>).

2) The material that is subject to infringing activity and that is to be removed or access to which is to be disabled is an Angelfire website located at <www.angelfire.com/zine2/mfe> that offers for public distribution and sale, without authorization, unlawfully made copies of Micro Focus' Micro Focus Mainframe 2.5 Express software on CD. A print out of this Angelfire.com website is enclosed for your convenience.

3) I have a good faith belief that this activity is not authorized by Micro Focus, its agents, or the law.

Silicon Valley Center
801 California Street
Mountain View, CA 94041

Tel 650.988.8500
Fax 650.938.5200

www.fenwick.com           Silicon Valley • San Francisco

Jeremy Abraham
May 13, 2004
Page 2

4) I can be reached using the following information:

>Tu T. Tsao
>Fenwick & West LLP
>801 California Street
>Mountain View, CA 94041
>phone: (650) 335-7696
>fax: (650) 938-5200
>ttsao@fenwick.com

I hereby state that the information in the above notice is accurate and, under penalty of perjury, that I am authorized to act on behalf of Micro Focus, the owner of the exclusive rights to copy and to publicly distribute the aforementioned work.

Furthermore, it is of the utmost importance that we determine the identity of your Angelfire.com user account holder. Enclosed with this letter please also find a Request for Issuance of Subpoena Signed by Clerk of Court Pursuant To 17 U.S.C. § 512(h) that we intend to submit to the Court. As soon as the clerk issues the subpoena, we will formally serve it on you. This subpoena requests documents sufficient to identify the account holder(s) using the directory <www.angelfire/zine2/>. Although the subpoena requests that you send the responsive documents to a local process server, it would be most expeditious for you to fax the information directly to me. As I am sure you understand the importance of this matter, we would very much appreciate receiving your confirmation that you have removed or disabled access to the offending Angelfire.com website, as well as document responsive to the subpoena request, as soon as possible, and at the very latest June 15, 2004.

In addition, I am hereby placing you on notice that Micro Focus is the owner of the registered U.S. trademarks, MICRO FOCUS Registration No. 1,461,698 and MAINFRAME EXPRESS Registration No. 2,404,568, and that the unauthorized use of these same trademarks on the Angelfire website <www.angelfire.com/zine2/mfe> by your user infringes Micro Focus' trademark rights. Accordingly, we ask that the offending page be removed, and the corresponding user account terminated.

Please note that this letter is not intended to constitute a full statement of all facts, rights or claims relating to this matter, nor is it intended, nor should it be construed as a waiver, release or relinquishment of any rights or remedies available to our client whether legal or equitable, all of which are hereby expressly reserved.

Thank you in advance for your prompt attention to this matter.

Very truly yours,

*Tu Tsao*

Tu T. Tsao

cc: Jane Smithard, Micro Focus International Limited (via email, with attachments)
    Mitchell Zimmerman, Esq. (via email, with attachments)
    Karen Anderson, Esq. (via email, with attachments)

22953/00080/DOCS/1434352.1